IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard K. Niemi, *et al.*,   Case No. 3:03CV7512

      Plaintiffs,

v.   ORDER

NHK Spring Co. LTD., *et al.*,

      Defendants

This is a trade secrets case. Plaintiff Richard Niemi alleges defendants New Mather Metals (NMM), NHK International, Ltd., and NHK Spring Co., Ltd. (NHK), misappropriated his trade secrets and breached the contract he and NMM had with respect to those trade secrets. Jurisdiction exists under 28 U.S.C. § 1332.

Pending is NHK's motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). For the following reasons, that motion will be granted.

**Background**

Niemi is the creator of a process for manufacturing stabilizer bars used automobiles. In 1990, he contracted with NMM to permit that company to use his process. In return, NMM agreed to keep the process secret and to grant Niemi the exclusive right to perform all design work for the company.

In 1998, Niemi claims he discovered NMM had not only hired others for its design work, but had also failed to protect the secrecy of his process.

NMM is a Delaware corporation, with a production center in Ohio. NHK is a Japanese corporation with no facilities of its own in Ohio, no sales in Ohio, and generally no business in Ohio.

1

It is, however, the parent corporation of NMM. Because, *inter alia*, of this corporate relationship, Niemi claims that NHK is also liable for NMM's actions.

## Procedural History

Niemi originally filed this action in the Eastern District of Michigan. After taking some discovery, NHK moved motion to dismiss for lack of personal jurisdiction. Specifically, NHK disputed Niemi's assertion that NMM was merely an "alter ego" of the Japanese corporation. Consequently, NHK argued, it could only be subject to personal jurisdiction on the basis of its own contacts with the forum state.

Judge John Feikens agreed that NMM and NHK were not "alter egos." That decision is the law of the case. *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 817 (1988). He, moreover, concluded that NHK's contacts with Michigan were insufficient to subject it to either specific or general personal jurisdiction there. He did note, however, that jurisdiction might lie in Ohio. Consequently, instead of dismissing the case, Judge Feikens transferred it, pursuant to 28 U.S. §1406(a), to this District.

NHK has now filed a motion asserting that personal jurisdiction is improper here as well. Niemi has the burden to set forth specific facts, by affidavit or otherwise, showing that this court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## Discussion

In most situations after a case is transferred, the law of the transferring court controls the action. *Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 230 (6th Cir. 1997). However, when a court transfers an action to cure problems with venue or personal jurisdiction, such as under § 1406(a), the law of the transferee court applies instead. *Id.*

This subtle issue is important here. Because this Court's subject matter jurisdiction is based on diversity of citizenship, the substantive law of the state in which this Court sits governs the issue of personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir. 1980). Thus, after the transfer, Ohio law, not Michigan law, controls this question and Ohio law is far more restrictive.

Generally, personal jurisdiction is proper if: 1) the state long arm statute authorizes jurisdiction; and 2) the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The Michigan long arm statute provides for personal jurisdiction to the full extent of the due process clause. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir.1992). Thus, the two inquires merge. *Id.*

In Ohio, however, the long arm statute is more limited. *Hunter v. Mendoza*, 197 F. Supp. 2d 964, 967-68 (N.D. Ohio 2002). Personal jurisdiction exists only if the defendant's alleged conduct satisfies the requirements of O.R.C. § 2307.382(A). That statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1) Transacting any business in this state;
>
> 2) Contracting to supply services or goods in this state;
>
> 3) Causing tortious injury by an act or omission in this state;
>
> 4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> 5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state;

3

>6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
>7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in hte commission of which he is guilty of complicity;
>
>8) Having an interest in, using, or possessing real property in this state;
>
>9) Contracting to insure any person, property, or risk located within this tate at the time of contracting.

O.R.C. § 2307.382(A).

Subsections 4, 5, 6, 7, 8, and 9 of this statute certainly do not apply in these circumstances. "Subsections (1)-(3) . . . require conduct by a defendant within the State of Ohio to create personal jurisdiction." *Weber v. Nat'l Football League*, 112 F. Supp. 2d 667, 675 (N.D. Ohio 2002). "Where there is no connection between a defendant's acts in Ohio and a plaintiff's injury, these subsections are not satisfied." *Id.*

Niemi submitted evidence that NHK has significant interaction with its subsidiary in Ohio, but not enough to establish NMM and NHK are alter egos. Order of August 8, 2003, (Doc. 42) p.9. Consequently, the plaintiff cannot rely on NMM's Ohio conduct and attribute it to NHK; he must identify NHK's own Ohio actions subjecting it to personal jurisdiction here. *Id.*; O.R.C. § 2307.382(A)

Niemi, however, provides very little to show any connection between NHK's Ohio conduct and the claims at issue. He points to interactions between NMM and NHK employees, financial transactions between the two companies, and the presence of former NHK employees on NMM's board. He but does not, however, suggest how these general relationships translate into particular

4

NHK conduct subjecting it to jurisdiction in Ohio. With respect to specific conduct, Niemi only offers: 1) speculative testimony from Ronald Malcolm that a NMM employee who may have breached the contract was "probably getting his direction from the Japanese;" and 2) an unverified videotape of a NHK facility using Niemi's process. The former is speculative at best and inadmissible to prove NHK's conduct. And the latter, even if accurate, establishes at most that NHK may have engaged in tortious conduct actionable in Japan. O.R.C. §§ 2304.382(A)(1-9). Consequently, Niemi has not met his burden.

## Conclusion

Because Niemi identifies no specific conduct giving rise to personal jurisdiction over NHK under Ohio's long arm statute, defendant's motion to dismiss will be granted.

In light of the foregoing, it is

ORDERED THAT NHK's motion to dismiss plaintiff's claims against it shall be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge